FILED  
United States Court of Appeals  
Tenth Circuit

March 31, 2025

Christopher M. Wolpert  
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

———————————————————

UTAH PETROLEUM ASSOCIATION,

    Petitioner,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; et al.,

    Respondents,

and

CENTER FOR BIOLOGICAL DIVERSITY; et al.,

    Intervenor - Respondents.

No. 25-9507  
(EPA No. EPA-R08-OAR-2024-0001)  
(Environmental Protection Agency)

———————————————————

STATE OF UTAH, by and through its Governor, Spencer J. Cox, and its Attorney General, Derek E. Brown,

    Petitioners,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; et al.,

    Respondents,

and

CENTER FOR BIOLOGICAL

No. 25-9508  
(EPA No. EPA-R08-OAR-2024-0001)  
(Environmental Protection Agency)

DIVERSITY; et al.,

    Intervenor - Respondents.

―――――――――――――――――――――

**ORDER**

―――――――――――――――――――――

Before **McHUGH** and **MORITZ**, Circuit Judges.

―――――――――――――――――――――

    Petitioners in these cases seek review of a final rule issued by the Environmental Protection Agency (EPA) titled "Denial of Request for Attainment Date Extension, Finding of Failure to Attain, and Reclassification of an Area in Utah as Moderate for the 2015 Ozone National Ambient Air Quality Standards" ("Final Rule"), 89 Fed. Reg. 101,483 (Dec. 16, 2024). Both petitioners have also filed motions to stay the Final Rule pending appeal.

    After petitioners filed their petitions for review with this court, they submitted to the EPA petitions for reconsideration and administrative stay of the Final Rule. On February 25, 2025, the EPA issued response letters granting the petitions for reconsideration, but denying the requests for administrative stay of the Final Rule. In doing so, the EPA notified petitioners that it intends to undertake a notice and comment action to reconsider their requests for an attainment date extension and its determination that the area at issue failed to attain by the attainment date.

    This procedural history, in our view, gives rise to two potential jurisdictional defects. First, "Article III of the United States Constitution only extends federal judicial power to cases or controversies." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir.

2

2000). To have Article III standing to sue, a plaintiff or petitioner must plead and prove it has suffered an injury in fact, the injury is fairly traceable to the challenged action of the defendant, and it is likely the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, it remains unclear from the records available to the court what, if any, portions of the Final Rule remain in place and, in turn, how those remaining portions of the Final Rule might impact the petitioners pending the EPA's reconsideration process. In other words, there appears to be "a colorable standing issue" that requires us to "undertake an independent examination . . . of that issue." *In re Peeples*, 880 F.3d 1207, 1212 (10th Cir. 2018) (internal quotation marks omitted).

Second, even assuming petitioners have standing, there is a question of whether the petitions for review were premature at the time they were filed or were rendered premature by the filing of the motions for administrative reconsideration. "[I]n most circumstances a case is not ripe for judicial review 'where a petition for reconsideration has been filed within a discretionary review period specifically provided by the agency.'" *City of Colo. Springs v. Solis*, 589 F.3d 1121, 1130 (10th Cir. 2009) (quoting *ICC v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 279 (1987)). Further, "a petition seeking review of . . . a non-final [agency] action is not only premature but incurably so," and "subsequent action by the agency on a motion for reconsideration does not ripen the petition for review or secure appellate jurisdiction." *Clifton Power Corp. v. FERC*, 294 F.3d 108, 110 (D.C. Cir. 2002) (internal quotation marks omitted).

To be sure, the Clean Air Act (CAA) appears to deviate to some degree from these general rules because it contains a provision that states, in relevant part, that "[t]he filing of a petition for reconsideration by the Administrator of any otherwise final rule or action shall not affect the finality of such rule or action for purposes of judicial review . . . and shall not postpone the effectiveness of such rule or action." 42 U.S.C. § 7607(b)(1). But the CAA also provides that "the only objections that may immediately be raised upon judicial review are those that were raised during the public comment period" and that "[o]bjections raised for the first time in a petition for reconsideration must await EPA's action on that petition." *Utility Air Regulatory Grp. v. EPA*, 744 F.3d 741, 747 (D.C. Cir. 2014) (construing 42 U.S.C. § 7607(d)(7)(B)); *see Okla. v. EPA*, 723 F.3d 1201, 1214–15 (10th Cir. 2013) (applying § 7607(d)(7)(B)). It is not readily apparent from the records in these cases whether the objections presented by petitioners in these cases were raised during the public comment period or, instead, for the first time in their petitions for administrative reconsideration.

Before this court can resolve the motions to stay the Final Rule pending appeal, it must first determine that it has jurisdiction. *See* 10th Cir. R. 8 (requiring motions for stay to address the basis for the court's jurisdiction, including citation to statutes and a statement of facts establishing jurisdiction); 10th Cir. R. 18.1 (referencing 10th Cir. R. 8).

Petitioners and respondents are therefore directed to simultaneously file, on or before April 14, 2025, memorandum briefs addressing these two jurisdictional questions.

                                                          Entered for the Court

                                                          CHRISTOPHER M. WOLPERT, Clerk