**NOT SCHEDULED FOR ORAL ARGUMENT**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

| | |
|---|---|
| UTAH PETROLEUM ASSOCIATION,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY et al.,<br><br>*Respondents*. | Case No. 25-9507 |
| STATE OF UTAH,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY et al.,<br><br>*Respondents*. | Case No. 25-9508 |
| SEVEN COUNTY INFRASTRUCTURE COALITION et al.,<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY et al.,<br><br>*Respondents*. | Case No. 25-9513 |

UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION,

    *Petitioner*,

    v.

U.S. ENVIRONMENTAL PROTECTION AGENCY et al.,

    *Respondents*.

Case No. 25-9525

# EPA'S MEMORANDUM BRIEF ADDRESSING TWO JURISDICTIONAL QUESTIONS

The Court has directed the parties to file memorandum briefs addressing two jurisdictional questions in these petitions for review of an EPA Clean Air Act action relating to Utah's Uinta Basin at 89 Fed. Reg. 101483 (Dec. 16, 2024) ("the Uinta Basin Rule"). For the reasons explained below, EPA does not dispute the Court's jurisdiction to hear these matters.

## Background

The Uinta Basin Rule contained two actions related to how the Uinta Basin is classified and regulated under the Clean Air Act for purposes of the pollutant ozone.

The Uinta Basin was initially classified as a "Marginal" nonattainment area for EPA's 2015 ozone National Ambient Air Quality Standards. 83 Fed. Reg.

2

25776 (June 4, 2018). EPA was required to determine whether the Uinta Basin attained the relevant standard by an "attainment date" of August 3, 2022. *See id.*; 42 U.S.C. § 7511(b)(2). In 2021, the State of Utah and the Ute Indian Tribe of the Uintah and Ouray Reservation requested that EPA extend the 2022 attainment date by one year. 89 Fed. Reg. 25223–24 (Apr. 10, 2024). EPA initially proposed to grant this extension. *Id.* On December 16, 2024, following a public comment period, EPA changed course and issued the final action here (the Uinta Basin Rule). The Rule (1) denied the attainment date extension, and (2) found that the Uinta Basin did not attain the relevant standard by the August 2022 attainment date—thereby subjecting the area to more stringent "Moderate" nonattainment area regulations. 89 Fed. Reg. at 101483–84.

The Uinta Basin Rule took effect on January 15, 2025. 89 Fed. Reg. at 101483. Petitioners the State of Utah and the Utah Petroleum Association (UPA) sought judicial review of the Rule in this Court. They also filed motions asking the Court to stay the effect of the Rule pending judicial review. *See* Doc. Nos. 11158902; 11158967.

Meanwhile, UPA and Utah also asked EPA to reconsider the Uinta Basin Rule and requested that EPA stay its effect—citing Clean Air Act Section 307(d), 42 U.S.C. § 7607(d), as relevant authority. EPA responded to these requests on

3

February 2, 2025, denying a stay, but announcing its intention to undertake a notice and comment action to reconsider the Rule. Doc. No. 11162314, Exhibits 1–4 (EPA's February 25, 2025 response letters). Importantly, however, EPA did not ground its response in Section 7607(d), which the Agency stated did not govern the actions contained in the Uinta Basin Rule. *Id.* EPA instead granted reconsideration under its "inherent authority to reconsider decisions, in addition to its rulemaking authority under the Administrative Procedure Act (APA), 5 U.S.C. section 553(e)." *Id.* EPA explained that these authorities did not empower EPA to stay the Uinta Basin Rule, and it therefore denied requests to do so. *Id.*

Although EPA denied Petitioners' Section 7607(d) stay requests for lack of administrative authority, EPA has notified the Court that it does not oppose the pending motions for a judicial stay of the Uinta Basin Rule. Doc. Nos. 11162311; 11162314. EPA based its nonopposition both on its determination to reconsider the Rule, and on Utah and UPA's assertions that they will suffer irreparable harm if the Uinta Basin Acton is not stayed. *Id.* at 3–4.

The Court has now directed the parties to address whether it lacks jurisdiction to hear these petitions, either because Petitioners lack standing, because EPA's reconsideration of the Rule rendered the petitions not ripe for

4

review, or because Petitioners' claims might be defective because they were not raised in a past public comment period.

## I. Petitioners' standing

The Court's order first directed the parties to address Petitioners' standing, stating that "it remains unclear from the records available to the court what, if any, portions of the Final Rule remain in place and, in turn, how those remaining portions of the Final Rule might impact the Petitioners pending the EPA's reconsideration process." Doc. No. 11170038 at 3. Although it is the Petitioners' burden to demonstrate that they have standing, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), EPA's decision to reconsider the Uinta Basin Rule does not render the actions ineffective, and therefore does not alter Petitioners' standing to sue.

As noted above, the Uinta Basin Rule took effect on January 15, 2025. 89 Fed. Reg. at 101483. One month later, the State of Utah and UPA reported in their motions for judicial stay that they were incurring operational and monetary costs to come into compliance with the stricter standards imposed by the Uinta Basin's reclassification as a "Moderate" nonattainment area. Doc. No. 11158902 at 20–21; Doc. No. 11158967 at 23–24.

5

The Uinta Basin Rule remains fully in effect today. EPA denied Petitioners' requests to stay the Rule, and the Agency's determination to reconsider the Rule does not render it ineffective during the pendency of the reconsideration process. *See* 42 U.S.C. § 7607(b)(1) (agency reconsideration does not postpone a rule's effect). At the close of the reconsideration process, EPA may conclude that the Uinta Basin Rule should remain in place as it was initially adopted in December 2024, or it may choose to revise all or part of the action. Any revision would only become effective at the conclusion of that process. EPA's intent to reconsider the Rule therefore does not alter the Petitioners' present claimed injuries conferring their standing to sue.

## II.   Ripeness for review

The Court also directed the parties to address "whether the petitions for review were premature at the time they were filed or were rendered premature by the filing of the motions for administrative reconsideration." Doc. No. 11170038 at 3.

As the Court noted in its order, Section 7607(b)(1) provides that "[t]he filing of a petition for reconsideration by the Administrator of any otherwise final rule or action shall not affect the finality of such rule or action for purposes of judicial review . . . and shall not postpone the effectiveness of such rule or action." This

6

Clean Air Act provision squarely applies here, and therefore resolves in the affirmative the question whether the Uinta Basin Rule is reviewable now. *See Oklahoma v. EPA*, 723 F.3d 1201, 1206 n.2 (10th Cir. 2013) (under the Clean Air Act, the filing of a petition for reconsideration does not affect the finality of an EPA action for the purposes of judicial review).

The Court also points out that section 7607(d)(7), which is referenced in the background above, limits the scope of judicial review for certain actions. These limitations, however, are inapposite here because the Uinta Basin Rule is not an action governed by Section 7607(d).

Clean Air Act Section 7607(d) sets out procedures for, among other things, adoption, administrative stay and reconsideration, and judicial review of many categories of standards and regulations. 42 U.S.C. § 7607(d)(1)(A)–(V) (listing categories). By its terms, Section 7607(d)(1) applies to those specific categories. The actions contained in the Uinta Basin Rule—EPA's denial of an attainment date extension and its finding that the Uinta Basin had failed to attain by the August 2022 attainment date—are not among actions governed by Section 7607(d)(A)–(U). Nor are they actions that EPA has otherwise determined are subject to Section 7607(d). *See* 42 U.S.C. § 7607(d)(V). These actions were taken instead under the authority of 42 U.S.C. § 7511(a)(5) (governing extensions of attainment dates) and

7

§ 7511(b)(2)(A) (reclassification upon failure to attain). 89 Fed. Reg. at 101484–86. The limitations on judicial review found in Clean Air Act Section 7607(d) therefore do not apply to these petitions.

## Conclusion

For the reasons set out above, EPA does not dispute the Court's jurisdiction to hear these petitions.

Dated:  April 14, 2025         Respectfully submitted,

ADAM R.F. GUSTAFSON
*Assistant Attorney General*

*/s/ Gus Maxwell*
GUS MAXWELL
U.S. Department of Justice
Environment & Natural Resources Division
999 18th Street; South Terrace, Suite 370
Denver, CO 80202
(303) 844-1347
gustavus.maxwell@usdoj.gov

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,275 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Gus Maxwell*
GUS MAXWELL