

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
Office of Air Quality Planning and Standards
Research Triangle Park, North Carolina 27711

FEB 3 1994

SUBJECT: Procedures for Processing Bump Ups and Extension Requests for Marginal Ozone Nonattainment Areas

FROM: D. Kent Berry, Acting Director
Air Quality Management Division (MD-15)   /s/ Kent Berry

TO: Director, Air, Pesticides and Toxics
Management Division, Regions I and IV
Director, Air and Waste Management Division,
Region II
Director, Air, Radiation and Toxics Division,
Region III
Director, Air and Radiation Division,
Region V
Director, Air, Pesticides and Toxics Division,
Region VI
Director, Air and Toxics Division,
Regions VII, VIII, IX, and X

PURPOSE

This memorandum provides guidance to the Environmental Protection Agency (EPA) Regional Offices and States on two important sections of the 1990 Clean Air Act Amendments (Act) that currently impact marginal ozone nonattainment areas. The provisions cover bump ups for failure to attain the national ambient air quality standards (NAAQS) and attainment date extension requests. Additionally, this memorandum clarifies the impact that bump ups have on ozone nonattainment rural transport areas, and discusses State submittals of air quality data on an accelerated schedule. Finally, this memorandum outlines the steps States need to take when requesting voluntary bump up or attainment date extensions and the process for EPA action on such requests.

BACKGROUND

Section 181(b)(2) of the Act states that within 6 months following the applicable attainment date for ozone nonattainment areas, the Administrator shall determine whether the area attained the standard by that date. For areas that have not attained the standard, the Act states that they shall be reclassified by operation of law (bumped up) to the higher of:

1. the next higher classification; or

2. the classification associated with the area's design value.

The Act requires the Administrator to publish a notice in the <u>Federal Register</u> identifying the areas that have not attained the standard no later than 6 months following the attainment date. Section 181(a)(5) of the Act gives the Administrator the discretion to grant up to two 1-year extensions of the attainment dates specified in section 181(a) upon application by any State if:

1. the State has complied with all requirements and commitments pertaining to the area in the applicable State implementation plan (SIP); and

2. no more than one measured exceedance of the NAAQS for ozone has occurred in the area in the year preceding the extension year (e.g., in marginal areas no more than one measured exceedance of the NAAQS could occur in 1993). This requirement does not preclude areas that have more than one measured exceedance of the standard in a year preceding 1993 from requesting and receiving an extension.

POLICY SUMMARY

This policy statement is directed to bump ups, extension requests, rural transport areas (RTA's), air quality data, and submittal and processing.

<u>Bump Ups</u>

When making the determination as to whether an area has attained the NAAQS, EPA will use the most recently available, quality-assured air quality data covering the 3-year period up to and including the attainment date. For ozone, the average number of exceedances per year shall be used to determine whether the area has attained. For marginal ozone nonattainment areas, this means that the air quality data for the period 1991 to 1993 will be used to determine whether the area attained by November 15, 1993.

<u>Extension Requests</u>

When requesting an extension, States should consider the consequences of eventually not attaining the NAAQS. Although areas can request two 1-year extensions, those that ultimately fail to attain the NAAQS will be bumped up to at least a moderate classification by operation of law upon a determination of nonattainment. Areas that are bumped up will be subject to the SIP requirements applicable to the new classification (see subpart 2 of the Act). Section 182(i) of the Act states that the attainment dates for reclassified areas cannot be adjusted. For

moderate areas, the attainment date specified in table 1 of section 181 is November 15, 1996. Consequently, areas that are bumped up will be under very tight timeframes to implement the new SIP requirements, in addition to achieving the reductions to meet the new attainment date. If a newly classified moderate area does not attain the NAAQS by November 15, 1996, it could then be bumped up to a serious or severe classification, which would impose even more stringent requirements for the area to meet.

The EPA, therefore, encourages any State that believes it has an area that will be unable to attain by its applicable deadline to voluntarily request bump up early to maximize the available time for implementing the requirements of the next higher nonattainment level. Early bump up will help areas avoid sanctions and/or Federal implementation plans that could result from failure to meet SIP submittal requirements.

Thus, marginal areas that request extensions under section 181(a)(5) should document that they have initiated rule development activities in order to meet the Act's requirements associated with the new classification. The following are <u>examples</u> of such activities, but States should not necessarily limit themselves to these:

   1. Documentation that the State has planned or begun the necessary monitoring activities to develop information for the modeling analysis that will be required for the new classification.

   2. For certain control measures such as inspection/maintenance, documentation that the State has examined its legislative authority and regulatory procedures to determine whether or not it can quickly adopt and implement the emissions controls needed to meet the new attainment date.

   3. A plan to meet the SIP submittals and attainment date required by the higher classification.

The EPA is interpreting the requirement that the State is complying with the commitments and requirements in the applicable implementation plan, as referenced in section 181(a)(5) of the Act pertaining to extensions, to mean that the State is implementing the EPA-approved SIP [see section 302(q)]. Thus, in any request, the States must also certify that they are implementing the EPA-approved SIP.

<u>Rural Transport Areas</u>

In the November 6, 1991 designations and classifications final rule (57 FR 56694), a number of areas were designated rural transport. Under section 182(h) of the Act, RTA's are treated as

meeting section 182 requirements if they make the submissions required of marginal areas in section 182(a) of the Act. The provisions for bump ups in section 181(b)(2) and extension requests in section 181(a)(5) are applicable to any RTA that fails to meet its attainment date. Thus, RTA's that are bumped up will be subject to the attainment date for the higher classification, but will be subject only to the SIP submittal requirements for marginal areas. However, if the characteristics of an area drastically change, the Administrator has the discretion to revise an area's treatment as an RTA, and if that occurs, the area will be subject to the new SIP requirements associated with that classification.

### Air Quality Data

States that have marginal ozone nonattainment areas have been asked to submit to the EPA Regions their ozone air quality data on an accelerated time schedule. (Please refer to the memorandum entitled, "Accelerated Reporting of 1993 Ozone Monitoring Data in Marginal Nonattainment Areas" dated December 21, 1993 from D. Kent Berry and Robert Kellam which describes the requirements for submission of air quality data on an accelerated schedule.) Early reporting of data will enable EPA to make attainment and bump up decisions in a timeframe consistent with the Act. It will also alert the State and EPA to the need to begin developing and adopting the additional measures for the appropriate higher classification.

## SUBMITTAL AND PROCESSING

State requests for a 1-year attainment date extension or voluntary bump up, as appropriate, should be made coinciding with the submittal of the air quality data. Requests for extensions of the attainment date should be submitted as soon as possible in order to avoid confusion and allow EPA to expeditiously process the extension requests at the same time the bump up decisions are made.

When requesting an extension, the following materials must be included in the submittal:

1. letter from the Governor or the Governor's designee requesting a 1-year extension of the attainment date;

2. certification that only one or fewer measured exceedances of the ozone standard occurred at any valid site in the nonattainment area in 1993, supported by the final, complete quality-assured 1993 ozone monitoring data;

3. certification that the State is implementing the EPA-approved SIP; and

4. documentation that the State has initiated rule development activities associated with the moderate classification.

Upon submittal of these extension requests, the EPA Regional Office will be responsible for review and evaluation to determine if all of the elements described above are included. The Regional Office will also be responsible for making the initial determination on the extension request.

Bump ups and extension determinations must go through notice and comment rulemaking. Consequently, bump up decisions and attainment date extensions will be published in the Federal Register. Our intent is to publish the bump up determinations and attainment date extension requests in a national notice to be signed by the Administrator and to process it as a direct final rulemaking.

If you have any questions on bump ups or attainment date extension requests, please contact either Sharon Reinders (919/541-5284) or Denise Gerth (919/541-5550) of my staff.

cc: Alan Eckert
    Bill Becker