MARINA V. THOMAS (11251)
BRADEN W. ASPER (16775)
Assistant Utah Attorneys General
DEREK E BROWN (10476)
Utah Attorney General
195 North 1950 West P.O. Box 140873
Salt Lake City, Utah 84114-0873
Telephone: (801) 536-0290
marinathomas@agutah.gov
bradenasper@agutah.gov
*Attorneys for Plaintiffs State of Utah et al.*

**If you do not respond to this document within applicable time limits, judgment could be entered against you as requested.**

IN THE SEVENTH DISTRICT COURT, SAN JUAN COUNTY
STATE OF UTAH

| | |
|---|---|
| STATE OF UTAH on behalf of UTAH DEPARTMENT OF ENVIRONMENTAL QUALITY, an agency of the State of Utah, and UTAH DIVISION OF AIR QUALITY, an agency of the State of Utah; and BRYCE BIRD, Director of Utah Division of Air Quality, in his official capacity,<br><br>　　Plaintiffs;<br><br>vs.<br><br>GREEN NATURAL GAS VENTURES LLC, a foreign limited liability company,<br><br>　　Defendant. | **COMPLAINT**<br><br>Civil Case No. _____<br><br>Judge _____<br><br><br>Tier: 2 |

Plaintiffs the State of Utah, on behalf of the Utah Department of Environmental Quality and Utah Division of Air Quality; and Bryce Bird, Director of Utah Division of Air Quality (collectively "Plaintiffs") through undersigned counsel, the Utah Attorney General, file this Complaint against Defendant Green Natural Gas Ventures LLC (referred to as "GNG Ventures" or "Defendant"). Plaintiffs allege and state as follows:

### PRELIMINARY STATEMENT

1. This is a civil action under the Utah Air Conservation Act ("Act"), Utah Code Ann. §§ 19-2-101 through 19-2-305 for monetary civil penalties imposed under § 19-2-115(2)(a) of the Act and an enforcement action under § 19-2-116 to obtain compliance with agency directives. The civil penalty and request for injunctive relief arise from a final agency order for violations of the Act and Utah Administrative Code rules R307-101 through R307-842 ("Utah Air Quality Rules"). The final agency order is imposed under the authority of the Director of the Utah Division of Air Quality, Bryce Bird ("Director"), to enforce rules and requirements under the Act by issuing notices and orders, and to take any necessary enforcement action authorized by the Act. *See* Utah Code Ann. §§ 19-2-107(2)(a)(xiii); 19-2-110.

### PARTIES

2. The Plaintiff State of Utah is a sovereign state of the United States of America.

3. The State of Utah brings this action on behalf of the Utah Department of Environmental Quality ("Utah DEQ"), an executive agency of the State of Utah, created and authorized under § 19-1-104 of the Utah Code.

2

4. The State of Utah also brings this action on behalf of the Utah Division of Air Quality ("Utah DAQ"), a division of the Utah DEQ, created under § 19-1-105(1)(a) of the Utah Code. The Utah DAQ administers and enforces the Act and the Utah Air Quality Rules.

5. Plaintiff Bryce Bird is the Director of Utah DAQ and appears in this action solely in his capacity as Director. The Director is authorized to take any enforcement action necessary under §§ 19-2-107(2)(a)(xiii) and 19-2-110 of the Utah Code where there is a violation of the Act and the Utah Air Quality Rules.

6. Under §§ 19-2-107(2)(a)(xiii) and 19-2-110 of the Utah Code, the Director has the authority to enforce laws and standards governing the emission of air pollutants.

7. Under terms and conditions of an approval by the United States Environmental Protection Agency to the State of Utah, Plaintiffs are responsible for administering and enforcing the air pollution regulatory program established in 40 C.F.R. § 52.2320 under the Clean Air Act, 42 U.S.C. § 7401 *et seq*.; 40 C.F.R. Chapter 1, Subchapter C.

8. Defendant Green Natural Gas Ventures LLC is a foreign limited liability company registered at 8 The Green, Ste B, Dover, DE, 19901. In Utah, GNG Ventures owns and operates a gas and helium processing plant, Lisbon Valley Helium Plant, in San Juan County at 7 Rankine Rd, La Sal, UT, 84530 ("Lisbon Plant"). In contemplation of GNG Ventures' business activities within the State of Utah, GNG Ventures registered with the Utah Division of Corporations as a foreign LLC; Entity Number 13834240-0161. GNG Ventures' Registered Agent, Northwest Registered Agent LLC, is located at 7533 S Center View Ct Ste N, West Jordan, Utah, 84084. The corporation's status is "Active" and "Current."

9. GNG Ventures' Lisbon Plant, located in San Juan County, is the subject of this Complaint.

10. The Lisbon Plant is subject to a Title V Operating Permit, No. 3700014004 (last revision November 23, 2021) ("Permit"). The Permit is attached as "**Exhibit 1.**"

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under Utah Code § 78A-5-102 *et seq.* of the Utah Code.

12. This Court has personal jurisdiction over Defendant GNG Ventures under Utah Code § 78B-3-201 *et seq.*

13. Venue is proper in this Court under Utah Code §§ 78B-3a-307(1) and 78B-3a-203(1).

## GENERAL ALLEGATIONS

14. Under the Act, the Director depends on Utah district court judges to enforce the Director's final administrative orders through various means available to district court judges, such as providing injunctive relief and assessing and collecting civil penalties for violations of the Act and the Utah Air Quality Rules. These civil enforcement measures are intended to compel compliance with the Act and the applicable administrative rules.[1]

15. There exists a final agency order, attached as **"Exhibit 2"** (Notice of Violation and Order to Comply (DAQC-189-25), discussed *infra* ¶¶ 25-30), that the Director requests the Office of the Attorney General to enforce on his behalf. *See* Utah Code Ann. § 19-2-116(3)(b).

---

[1] Utah Code Ann. § 19-2-116(1) ("Action under Section 19-2-115 does not bar enforcement of this chapter, or any of the rules adopted under it or any orders made under it by injunction or other appropriate remedy. The director has the power to institute and maintain in the name of the state any and all enforcement proceedings.").

16. The Director brings this Complaint, first, as an enforcement proceeding, to employ the powers of this Court to enforce the Notice of Violation and Order to Comply and to provide Plaintiffs with the requested remedies.

17. Second, Plaintiffs bring this action to claim statutory penalties authorized by statute. *See id*. § 19-2-115(2)(a).

18. GNG Ventures owns and operates the Lisbon Plant located at 7 Rankine Road, La Sal in San Juan County, Utah.

19. GNG Ventures purchased the Lisbon Plant from Paradox Midstream, LLC, on November 14, 2023. *See* the Asset Purchase Agreement attached as **"Exhibit 3."**

20. GNG Ventures' Lisbon Plant is subject to the requirements of the Act, the Utah Administrative Code R307-415, and the conditions of its Permit.

21. GNG Ventures' Lisbon Plant is a major source of air pollutants, which is defined as "any stationary source or group of stationary sources located within a contiguous area and under common control that emits or has the potential to emit, in the aggregate, ten tons per year or more of any hazardous air pollutant or 25 tons per year or more of any combination of such hazardous air pollutants." Utah Admin. Code r. R307-415-3(2)(a).

22. Utah DAQ regulates new and existing operations of all major sources of air pollution through its federally delegated Operating Permit Program, which requires any sources subject to the Utah Administrative Code Rule R307-415 to obtain a permit that "clarifies, in a single document, which requirements apply to a source and assures the source's compliance with those requirements." Utah Admin. Code r. R307-415-1.

23. On February 4, 2025, a representative and agent of the Director ("DAQ Inspector") performed an annual compliance inspection of the Lisbon Plant. Following the inspection and a subsequent record review, it was determined that GNG Ventures violated seven conditions of its Permit.

24. GNG Ventures, knowing its obligations under the Act and the Utah Air Quality Rules, failed to submit the annual compliance certification due on September 30, 2024, to submit the monitoring reports due on September 30, 2024, to complete stack testing for CO and NOx on Engine EB4 and Engine E14 every five years, and to monitor, record, and submit reports for the leak detection and repairs ("LDAR") program for the second semiannual period of 2024.

25. Following the inspection, the Director issued a Notice of Violation and Order to Comply (DAQC-189-25) to GNG Ventures on February 20, 2025. *See* **Ex. 2**. The Notice of Violation and Order to Comply documented the observed violations (violations of the Utah Administrative Code Rule R307-415 and Permit conditions I.L.1, I.S.2a, II.B.4.a., II.B.4.c., II.B.6.d, and II.B.13) and ordered GNG Ventures (1) to immediately initiate all actions necessary to achieve total compliance with all applicable provisions of the Act and the rules promulgated under the Act, and (2) to notify Utah DAQ in writing within 15 days of receipt of the company's intent to comply with the Notice of Violation and Order to Comply. *See* **Ex. 2** at 5-6.

26. The Notice of Violation and Order to Comply also notified GNG Ventures of its administrative remedies under the Utah Code Ann. § 19-1-301 and Utah Administrative Code R305-7, Part 3, which allowed GNG Ventures to object to the Notice of Violation and Order to Comply and request a hearing within thirty days of its issuance. GNG Ventures was informed

that "the Notice of Violation and the Order shall become final unless GNG Ventures requests, in writing, a hearing within thirty (30) days after issuance of this Notice." *Id*. at 7.

27. The Notice of Violation and Order to Comply was mailed by certified mail to two addresses—one in La Sal, Utah (Lisbon Plant's and designated service addresses) and one in West Jordan, Utah (registered agent's address). *See id.* at 1.

28. The Notice of Violation and Order to Comply sent to the La Sal address was delivered and picked up by an individual at the La Sal post office on April 11, 2025. *See* USPS Tracking attached as **"Exhibit 4."** The Notice of Violation and Order to Comply sent to the West Jordan address was delivered and left with an addressee on February 26, 2025. *See id*.

29. GNG Ventures did not respond to the Notice of Violation and Order to Comply, did not file an objection to the Order to Comply, and did not submit a hearing request that complies with the Utah Code Ann. § 63G-4-201(3) and Rule R305-7-303 of the Utah Administrative Code (or any request for that matter) within the thirty days of issuance.

30. Defendant has failed to exhaust its administrative remedies, and the Order is now final.

31. Since the violations, the Utah DAQ has made numerous attempts to obtain compliance but has been unable, as GNG Ventures has not complied with and ignored requests.

32. Because of GNG Ventures' violations, the State of Utah is entitled to civil penalties in amounts authorized by statute, but no less than $74,000.00

33. The violations are continuous in nature and the penalties continue to accrue and will be proved more fully at trial.

**FIRST CAUSE OF ACTION**
Statutory Injunctive Relief (Utah Code Ann. § 19-2-116)

34. The allegations of ¶¶ 1-33 are incorporated by reference as if fully stated herein.

35. The Defendant has violated the Act, the Utah Air Quality Rules and the conditions of the Permit by failing to submit a Title V annual compliance certification report and six-month monitoring reports, to perform a stack test for CO and NOx for Engine EB4 and Engine E14, and to monitor, record, and submit reports for leak detection.

36. As a result of the Defendant's violations, Utah DAQ issued a Notice of Violation and Order to Comply to the Defendant.

37. Defendant opted to forego any response to the Order, thereby failing to object to the Notice of Violation or Order to Comply.

38. Defendant failed to exhaust its administrative remedies by failing to request an appeal with the proper administrative body.

39. Failure to contest a notice of violation within this period "waives any right of administrative contest" and establishes the allegations in the notice. Utah Admin. Code r. R305-7-319(3). Therefore, the Order is now ripe for enforcement.

40. The Order requires the Defendant to comply with the Act, the Utah Air Quality Rules, and the Permit conditions by performing the following:

a) Immediately initiate all actions necessary to achieve total compliance with all applicable provisions of the Act, the rules promulgated under the Act, and Title V Operating Permit #3700014004 dated November 23, 2021;

b) Notify this office in writing on or before the fifteenth (15th) day after receipt of this letter of Green Natural Gas Ventures, LLC's intent to comply with this Order and indicate how compliance is to be achieved.

41. The Defendant's failure to comply is exposing the residents of the State of Utah to air pollutants, which is a violation of Utah law and has an adverse impact on the health and welfare of the public.

42. Utah Code § 19-2-116 permits Plaintiffs to seek enforcement of their Order by injunction or other appropriate civil remedy for failure of any person to comply with any provision of the Act, any rule adopted under the Act, or any final order made by the board, the director, or the executive director, when it appears necessary for the protection of health and welfare.[2]

43. As a result, Utah is entitled to civil remedies and contempt powers through this Court that would ensure the Defendant's compliance with the Order.

## SECOND CAUSE OF ACTION
Statutory Penalties (Utah Code Ann. § 19-2-115)

44. The allegations of ¶¶ 1-43 are incorporated by reference as if fully stated herein.

45. GNG Ventures must comply with its Permit and all applicable requirements from the Act and the Utah Air Quality Rules incorporated into the Permit.

46. GNG Ventures purchased the Lisbon Plant for Paradox Midstream, LLC on November 13, 2024, but it has not yet updated the ownership in its Permit.

---

[2] Utah Code Ann. § 19-2-119 ("Existing civil or criminal remedies for a wrongful action that is a violation of the law are not excluded by this Chapter.")

47. The Permit was initially issued to Paradox Midstream, LLC, as applicable to the Lisbon Plant, and still applies to the Lisbon Plant under GNG Ventures' ownership.

48. Permit Condition I.L.1 states in part,

> Permittee shall submit to the Director an annual compliance certification, certifying compliance with the terms and conditions contained in this permit, including emission limitations, standards, or work practices. This certification shall be submitted no later than the date shown under "Enforceable Dates and Timelines" at the front of this permit, and that date each year following until this permit expires.

Ex. 1 at 9.

49. Permit Condition I.S.2.a states in part, "Monitoring reports shall be submitted to the Director every six months, or more frequently if specified in Section II." *Id*. at 12.

50. Permit Condition II.B.4.a states in part,

> Emissions of CO shall be no greater than 4.88 lbs/hr and 964 ppmdv from each engine. (A) Initial compliance testing shall be performed as soon as possible and in no case later 180 days after the startup of the new engines. After the initial testing, stack testing shall be conducted at least once every 5 years. A pretest conference shall be held at least 30 days prior to the stack test if directed by the Director and shall include the permittee, the tester, and the Director.

*Id*. at 27.

51. Permit Condition II.B.4.c states in part,

> Emissions of NOx shall be no greater than 3.26 lbs/hr and 392 ppmdv from each engine. (A) Initial compliance testing shall be performed as soon as possible and in no case later 180 days after the startup of the new engines. After the initial testing, stack testing shall be conducted at least once every 5 years. A pretest conference shall be held at least 30 days prior to the stack test if directed by the Director and shall include the permittee, the tester, and the Director.

*Id*. at 31.

52. Permit Condition II.B.6.a states in part,

> Emissions of CO shall be no greater than 2.53 lbs/hr and 78.0 ppm from each boiler. B. Stack testing to demonstrate compliance with CO limits shall be

conducted at least once every 5 years. A pretest conference shall be held at least 30 days prior to the stack test if directed by the Director and shall include the permittee, the tester, and the Director.

*Id.* at 36.

53. Permit Condition II.B.6.d[3] states in part,

Emissions of NOx shall be no greater than 3.35 lbs/hr and 63.0 ppm from each boiler. B. Stack testing to demonstrate compliance with NOx limits shall be conducted at least once every 5 years when the affected unit is operating. A pretest conference shall be held at least 30 days prior to the stack test if directed by the Director and shall include the permittee, the tester, and the Director.

*Id*. at 38.

54. Permit Condition II.B.13 states in part, "Conditions on 40 CFR Part 60, Subpart KKK applicable Equipment (E25)." It requires the source to complete Subpart KKK monitoring, recording, and record keeping per 40 CFR 60, Subpart KKK. *Id.* at 45.

55. On February 4, 2025, the DAQ Inspector conducted an annual compliance inspection of GNG Ventures' Lisbon Plant in San Juan County, Utah. Subsequently, the DAQ Inspector reviewed records regarding the Lisbon Plant. The results of the review found that the following requirements had not been met, and the following reports had not been submitted to the Director, and the following tests had not been performed:

a) Title V annual compliance certification was due September 30, 2024, and was not submitted to Utah DAQ.

b) Six-month monitoring reports were due September 30, 2024, and were not submitted to Utah DAQ.

---

[3] Condition II.B.6.d is the correct conditions for failing to test Boiler E14 for NOx. The Notice of Violation and Order to Comply lists incorrect condition II.B.6.a or II.B.6.c, which is a typo.

11

c) Engine EB4 had not been stack tested for CO by the May 2024 due date, and stack testing had not been done on this source as of the inspection date.

d) Engine EB4 had not been stack tested for NOx by the May 2024 due date, and stack testing had not been done on this source as of the inspection date.

e) Boiler E14[4] had not been stack tested for CO by the October 2024 due date, and stack testing had not been done on this source as of the inspection date.

f) Engine E14 had not been stack tested for NOx by the October 2024 due date, and stack testing had not been done on this source as of the inspection date.

g) No leak detection monitoring, recordkeeping, or reporting had been done from July 1, 2024, to December 31, 2024.

56. The Defendant violated the conditions of its Permit, the Act, and the applicable Utah Air Quality Rules by failing to submit compliance certification, six-month monitoring reports, stack test the engines, and conduct leak detection, monitoring, recordkeeping, and reporting from July 1, 2024, to December 31, 2024.

57. Despite the Plaintiffs' efforts to obtain timely compliance, the Defendant has been evasive and unwilling to comply, further exacerbating its potential civil penalty to the Plaintiffs.

58. As a matter of law, Plaintiffs are entitled to a civil penalty not to exceed $10,000 per day for each violation.

59. Defendant has committed no less than twelve violations as of the date of this Complaint.

---

[4] The Notice of Violation and Order to Comply refers to the E14 Boiler as E14 Engine, a typo. The Permit indicates that E14 is a boiler. *See* Permit, Condition II.A.9 at 15.

60. Plaintiffs are therefore entitled to no less than $74,000.00 in civil penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs ask the Court for the following relief:

61. An enforcement order granting injunctive relief, according to the Utah Code Ann. § 19-2-116, assuring Defendant complies with the terms and conditions of the Notice of Violation and Order to Comply, including but not limited to submitting an annual compliance certification and six-months monitoring reports, performing the required tests for CO and NOx for Engine EB4 and Boiler E14, and performing monitoring, recording, recordkeeping, and submitting reports for leak detection and repair requirements, or be subject to the contempt powers of this Court;

62. An order imposing civil penalties, according to the Utah Code Ann. § 19-2-115, on the Defendant for non-compliance with the Act and the Utah Air Quality Rules, as established by the Director's Notice of Violation and Order to Comply, of $10,000 per day for each violation;

63. An award of reasonable attorney fees and costs incurred in the prosecution of this action, interest both before and after judgment as provided by law, and any further relief the Court may deem appropriate.

DATED this 30th day of April 2025.

              DEREK E. BROWN
              Utah Attorney General

              /s/ Marina V. Thomas
              Marina V. Thomas
              Braden W. Asper
              Utah Office of the Attorney General
              *Attorneys for Plaintiffs State of Utah et al.*

## LIST OF EXHIBITS

Exhibit 1:   Title V Operating Permit, No. 3700014004 (last revision November 23, 2021).

Exhibit 2:   Notice of Violation and Order to Comply (DAQC-898-24) (Sept. 16, 2024).

Exhibit 3:   Asset Purchase Agreement (Nov. 14, 2023).

Exhibit 4:   USPS Tracking.