FILED
United States Court of Appeals
Tenth Circuit

May 22, 2025

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UTAH PETROLEUM ASSOCIATION,

    Petitioner,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; LEE ZELDIN,

    Respondents,

and

CENTER FOR BIOLOGICAL DIVERSITY; UTAH PHYSICIANS FOR A HEALTHY EVIROIMENT; LIVING RIVERS,

    Intervenor - Respondents.

No. 25-9507
(EPA No. EPA-R08-OAR-2024-0001)
(Environmental Protection Agency)

_____

STATE OF UTAH, by and through its Governor, Spencer J. Cox, and its Attorney General, Derek E. Brown,

    Petitioners,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; LEE ZELDIN, Administrator, United States Environmental Protection Agency,

    Respondents,

and

No. 25-9508
(EPA No. EPA-R08-OAR-2024-0001)
(Environmental Protection Agency)

| CENTER FOR BIOLOGICAL DIVERSITY; LIVING RIVERS; UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, | |
|---|---|
| Intervenor - Respondents. | |

_____

**ORDER**
_____

Before **McHUGH** and **MORITZ**, Circuit Judges.
_____

The petitioners in these two appeals seek review of a final rule issued by the Environmental Protection Agency (EPA) titled "Denial of Request for Attainment Date Extension, Finding of Failure to Attain, and Reclassification of an Area in Utah as Moderate for the 2015 Ozone National Ambient Air Quality Standards" ("Final Rule"), 89 Fed. Reg. 101,483 (Dec. 16, 2024). Petitioners have also filed motions to stay the Final Rule pending appeal (the Stay Motions). For the reasons that follow, we grant the Stay Motions.

Federal Rule of Appellate Procedure 18 authorizes a petitioner seeking review of an agency decision or order to move for a stay of the agency decision or order pending judicial review. Such a motion must either "show that moving first before the agency would be impracticable" or "state that, a motion having been made, the agency denied the motion or failed to afford the relief requested and state any reasons given by the agency for its action." Fed. R. App. P. 18(a)(2)(A)(i)–(ii). That requirement has been satisfied

in these appeals because it is undisputed petitioners sought, but were denied, a stay of the Final Rule from the EPA.

Stay motions must also, per Tenth Circuit Rule 18.1, address, in relevant part, the following factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm to the applicant if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. 10th Cir. R. 18.1 (incorporating 10th Cir. R. 8.1). These factors are consistent with the requirements outlined by the Supreme Court for obtaining a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (discussing the four factors a court must consider in deciding whether to exercise its discretion and grant a stay pending appeal).

After considering the Stay Motions and the responses to those motions, we conclude petitioners have met their "burden of showing that the circumstances justify" our exercise of discretion to stay the Final Rule pending the outcome of these appeals. *Id.* In particular, as to the two "most critical" factors, *id.* at 434 (internal quotation marks omitted), petitioners have established a likelihood of success on the merits of at least one of the claims asserted in each of their petitions, *see McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996) (holding that if a movant "can meet the other requirements for a stay pending appeal, they will be deemed to have satisfied the likelihood of success on appeal element if they show questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation" (internal quotation marks omitted)), and have

also shown they will suffer irreparable harm if the Final Rule is not stayed pending appeal.

    Accordingly, the Stay Motions are granted and the Final Rule is stayed pending the outcome of these appeals.

                                                 Entered for the Court

                                                 CHRISTOPHER M. WOLPERT, Clerk